IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **RASHAD LEE,**             ) | |
| )  | |
| Plaintiff,         ) | |
| ) | CIVIL ACTION NO. |
| v.                 ) | 2:25cv389-MHT |
| ) | (WO) |
| **CYNTHIA STEWART, et al.,** ) | |
| ) | |
| Defendants.        ) | |

## OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit complaining about fires at Kilby Correctional Facility, the lack of fire alarms and fire-suppression equipment there, and his receiving transfers and discipline in retaliation for complaints. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's motion to proceed in forma pauperis be denied and his case be dismissed without prejudice because plaintiff has accumulated at least three strikes under 28 U.S.C. § 1915(g) and abused the judicial process by providing false information

regarding his litigation history. There are no objections to the recommendation.* After an independent and de novo review of the record, the court concludes

---

  * Plaintiff mailed a letter (Doc. 4) dated June 29, 2025, to the clerk of court claiming that "a few weeks" prior, a woman had tried to pay his filing fee to the clerk's office but was turned away because plaintiff is a prisoner. The court does not know whether this claim is true, but assuming it is true, the attempted payment would have been too late under 28 U.S.C. § 1915(g).

  The complaint was filed on May 22, 2025, more than "a few weeks" prior to the date of the plaintiff's June 29 letter. In other words, the woman attempted to pay the filing fee after the initial filing of the complaint. Under *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), a prisoner subject to the 'three strikes' provision of § 1915(g) may not pay his filing fee after the initial filing of the complaint. See id., 284 F.3d at 1236 ("[A]fter three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit. ... [T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Therefore, when the woman allegedly tried to pay the fee, it was already too late, and dismissal was required under § 1915(g). If plaintiff wishes to refile this lawsuit, he needs to have the new complaint filed along with the filing fee.

that the magistrate judge's recommendation should be adopted.

An appropriate judgment will be entered.

DONE, this the 6th day of October, 2025.

                                           /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE